J. W. WALKER, Commissioner for the Court:[1]
Clarence J. Held, Sr. filed a bill of complaint to confirm tax title in the Chancery Court of Hancock County, Mississippi, against Leon B. DeGeorge and wife, Juanita Williams DeGeorge. The land involved was sold on September 21, 1970, by the Tax Collector of Hancock County for 1969 taxes while assessed to Leon B. DeGeorge and wife and on June 17, 1974, the Chancery Clerk of Hancock County executed his conveyance to Clarence J. Held, Sr.
The bill of complaint alleged a valid tax sale and that “. . . during the time allowed by law for the redemption of said land from said sale, no one redeemed or attempted to redeem said property from said sale . .
Leon B. DeGeorge and wife filed their answer to the bill of complaint and denied that there was a valid tax sale of said property and charged, . that a *1390 lawful tender for the payment of the said taxes was made prior to the date of expiration thereof, and defendants timely tendered funds to redeem said tax sale.” The said answer was thereafter amended and again charged: . . that a lawful tender for the payment of said taxes was made prior to the date of expiration thereof.”, and that the “defendants timely tendered funds to redeem said tax sale, and as evidence of their tender of such funds to redeem the property, attached a copy of a check dated August 1, 1972, certified to on the 21st day of August, 1972, marked Exhibit “A”, which was mailed long before the expiration date to the chancery clerk and the defendants (appellants) tendered the amount of taxes, plus interest, and any other taxes on or lawful charges the court found to be due the complainant pursuant to said purported tax purchase. Along with said amended answer the DeG-eorges filed their cross-bill.
A motion to strike the amended answer and cross-bill was filed by the complainant alleging that there was no deraignment of title in the cross-bill and that the amended answer and cross-bill contained no legal defense for the reason that there was in fact no redemption and that the allegations and exhibits did not show that said attempted redemption was prior to the expiration period and that the amended answer and cross-bill did not allege anything specific that would void the sale and that the face of all pertinent pleadings, documents, etc., showed the description to be adequate at law and the complainant further alleged that there had not been a legal tender by the defendants to redeem said property.
The motion to strike the amended answer and cross-bill was sustained by the chancellor and a motion for judgment on the pleadings, being the bill of complaint and amendments thereto, was made by the attorney for the complainant and said motion was sustained and a decree was entered confirming the title to said land in the complainant. There was no trial on the merits.
The defendants, Leon B. DeGeorge and wife, appealed to this Court and assigned as error along with other assignments that the lower court erred in striking the amended answer and cross-bill and granting the ap-pellees a judgment on the pleadings and in failing to give the appellants a hearing on the merits.
This Court, in considering whether or not the chancellor erred in sustaining the motion to strike the amended answer, takes the material allegations of the amended answer to be true, and we must determine from the face of the amended answer and the exhibits attached thereto, if the facts stated in plain language were legally sufficient for the lower court to proceed with a hearing upon its merits.
The Court, after considering the allegations of the bill of complaint and the amended answer, is of the opinion that the material facts clearly stated and the legal presumption arising from said facts and such facts that are reasonably or necessarily implied from the facts stated in the amended answer and denials of the appellants were legally sufficient to withstand the motion to strike, since it was not necessary for the appellants in their amended answer to set forth in minute detail the evidence by which the ultimate facts were to be proven, and the motion to strike the amended answer of Leon B. DeGeorge and wife should have been overruled by the chancellor and a hearing held on its merits.
Striking an answer on motion is not favored in our practice and will be allowed only when there is no other available method and when the justice of the motion is so clear as to be fairly indisputable. In Griffith, Mississippi Chancery Practice (2nd Ed. 1950), § 367, this rule is clearly enunciated: *1391 cases it was held that such a motion would be sustained if the pleading was not at all proper to be considered on the hearing of the case, but the stringent remedy of striking finally is not favored in our practice, and will be allowed only where there is no other available method and when the justice of it is so clear as to be fairly indisputable.
*1390 § 367. When an answer may be stricken as sham or frivolous. — It is said that if for any manifest reason an answer is so completely defective, or is so wholly out of order that it constitutes no answer, or is so manifestly sham and frivolous as to be no more than a delusion it will be stricken on motion, and in one of our
*1391 This case is reversed and remanded to the Chancery Court of Hancock County for a trial on the merits.
REVERSED AND REMANDED.
GILLESPIE, C. J„ PATTERSON and IN-ZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.